UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LISA TERNES, *et al.*,

    *Plaintiffs*,

v.

C.R. HOME IMPROVEMENT,

    *Defendant*.

Civil Action No. 24 - 1277 (SLS)

Judge Sparkle L. Sooknanan

## MEMORANDUM OPINION

Lisa Ternes and Jay Jemail filed this lawsuit against C.R. Home Improvement to recoup damages they suffered as a result of the Defendant's failed renovation of their home. C.R. Home Improvement has never appeared to defend itself. In March 2025, the Court granted default judgment in favor of the Plaintiffs and awarded them $219,200.12 in compensatory damages. They now request attorney fees and costs. For the reasons explained below, the Court grants the request and awards $82,290.00 in attorney fees and $610.62 in costs.

## BACKGROUND & PROCEDURAL HISTORY

The facts of this case are recounted in greater detail in the Court's Memorandum Opinion granting default. *See* Mem. Op. at 1–4, ECF No. 7; Order, ECF No. 8. In short, Ms. Ternes and her mother, Ms. Jemail, contracted with C.R. Home Improvement in February 2021 to complete a renovation of their home in Northeast D.C. within twelve weeks. Compl. ¶¶ 32–33. Over the twenty-one months that followed, C.R. Home Improvement failed to satisfactorily complete the work. Compl. ¶¶ 41–77. This was despite the Plaintiffs repeatedly raising concerns about C.R. Home Improvement's progress, being assured that their concerns would be addressed, and agreeing to contract modifications that increased the cost of the renovation. *Id*. In November 2022,

the Plaintiffs had finally had enough. By that point, they had already paid C.R. Home Improvement $169,492.50 for renovations that had left their home "defective and dangerous." Compl. ¶¶ 78–79. They filed a stop-work order and then spent $49,707.62 hiring other contractors to fix the problems C.R. Home Improvement had left behind. Comp. ¶¶ 78, 83–90.

The Plaintiffs filed this lawsuit on May 1, 2024, alleging (1) violations of the D.C. Consumer Protection Procedures Act (DCCPPA), (2) fraudulent misrepresentation, (3) negligent misrepresentation, (4) breach of contract, (5) breach of the implied covenant of good faith and fair dealing, and (6) negligence. Compl. ¶¶ 96–154. In March 2025, the Court granted default judgment to the Plaintiffs on five of their six claims, awarding them $219,200.12 in compensatory damages, but denying their requests for consequential damages, non-economic damages, and attorney fees. *See* Mem. Op. at 1, 9, 14–15; Order, ECF No. 8. The Court found that it could not award attorney fees and costs without accounting records or other supporting documentation but noted that the Plaintiffs were "free to submit [such] information for the Court's consideration." Mem. Op. at 15.

On April 8, 2025, the Plaintiffs submitted the instant request for $82,290.00 in attorney fees and $610.62 in costs. Pls.' Suppl. Mot. Default, ECF No. 9. More than four months have gone by and, once again, the Defendant has failed to respond.

## LEGAL STANDARD

The DCCPPA was enacted to "assure that a just mechanism exists to remedy all improper trade practices and deter the continuing use of such practices." D.C. Code § 28-3901(b)(1). The statute authorizes private civil actions to enforce its provisions, *id.* § 28-3905(k), and provides that, along with damages and injunctive relief, prevailing claimants may recover "[r]easonable" attorney fees, *id.* § 28-3905(k)(2)(B). *See also Beck v. Test Masters Educ. Servs., Inc.*, 73 F. Supp. 3d 12, 15 (D.D.C. 2014).

An appropriate fee award is generally determined by multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The fee applicant "bears the burden of establishing entitlement to an award, documenting the appropriate hours, and justifying the reasonableness of the rates." *Covington v. District of Columbia,* 57 F.3d 1101, 1107 (D.C. Cir. 1995) (first citing *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984); and then citing *Hensley*, 461 U.S. at 437)).

## DISCUSSION

The Court has carefully reviewed the Plaintiffs' submissions, including a declaration from counsel and detailed billing logs, and it finds that the request for attorney fees and costs is reasonable. The Court thus awards $82,290.00 in attorney fees and $610.62 in costs.

### A.    Attorney Fees

The Court may award attorney fees that are consistent with "the number of hours reasonably expended on the litigation" and reflect a "reasonable hourly rate." *Hensley*, 461 U.S. at 433; *see also Covington*, 57 F.3d at 1107. Here, the number of hours expended by the Plaintiffs' counsel and the hourly rate requested are reasonable.

#### 1.    Reasonable Hours Expended

The Plaintiffs must show that the number of hours spent on a particular task is reasonable. *Beck*, 73 F. Supp. 3d at 16. They may satisfy this burden by submitting detailed billing records that allow the Court to make an "independent determination" as to whether the claimed hours were justified. *Id.* at 16–17 (quoting *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982)). The Plaintiffs have satisfied their burden here. *See* Decl. Drew LaFramboise, Esq., ECF No. 9-1; Suppl. Mot. Ex. A., ECF No. 9-2.

The Plaintiffs' billing records reflect that counsel spent 105.5 hours on this matter. *Id.* Roughly speaking, counsel spent seventy-five of those hours drafting and preparing critical filings

(forty-three hours on the Complaint, thirty-one hours on the Motion for Default Judgment, and an hour on the Affidavit for Default), nineteen hours reviewing key documents and evidence provided by the Plaintiffs, and eleven hours communicating with the Plaintiffs by phone and email. *See* Suppl. Mot. Ex. A. The billing entries provide sufficient detail about each case-specific task—*e.g.*, "[d]raft motion for default judgment," "[r]eview damages spreadsheet and documents provided by client," "[f]ollow up email to [client] re: outstanding contracts." *Id.* The entries also clearly identify the amount of time spent on each task to the nearest tenth of an hour. *Id.* Although counsel could have safely spent less time on a case in which the Defendant never appeared, none of the time entries strike the Court as "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. And the Court is mindful that in determining fee awards, trial courts must do "rough justice," not "become green-eyeshade accountants" set on achieving "auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). The Court is thus satisfied that 105.5 hours is reasonable, particularly in the absence of any opposition from the Defendant.

### 2. Reasonable Hourly Rate

A reasonable hourly rate is one that is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Covington,* 57 F.3d at 1109 (quoting *Blum,* 465 U.S. at 896 n.11). Here, the Plaintiffs have requested an hourly rate of $780 for attorney Drew LaFramboise. LaFramboise Decl. at 2. In support of that rate request, the Plaintiffs have provided a declaration from Mr. LaFramboise

detailing his qualifications and asserting that his requested rate is consistent with the appropriate market rate for comparable attorneys under the Fitzpatrick Matrix.[1] *Id.* The Court agrees.

The Court, like many others in this District, has adopted the Fitzpatrick Matrix as an appropriate measure of the prevailing market rates for complex federal litigation in the District of Columbia. *See Rawlings v. District of Columbia,* No. 24-cv-2122, 2025 WL 1432278, at *6 n.1 (D.D.C. May 19, 2025) (citing *J.T. v. District of Columbia*, 652 F. Supp. 3d 11, 32 (D.D.C. 2023)); *see also Alavi v. Bennett*, No. 15-cv-2146, 2024 WL 5056204, at *13 (D.D.C. Dec. 10, 2024) (collecting cases). The Plaintiffs' requested rate of $780 per hour is consistent with the 2025 Fitzpatrick Matrix for an attorney with fourteen years of experience. And Mr. LaFramboise has been a licensed attorney since 2010 and in practice for more than fourteen years. LaFramboise Decl. at 1. The Court is thus satisfied that the Plaintiffs' requested rate of $780 per hour is reasonable.[2]

---

[1] The Fitzpatrick Matrix was generated in 2021 by the United States Attorney's Office (USAO) for the District of Columbia and reflects the average hourly rates of lawyers handling complex federal litigation in the District Court for the District of Columbia. *See J.T. v. District of Columbia*, 652 F. Supp. 3d 11, 26, 31–36 (D.D.C. 2023). The current edition is available on the USAO's website: https://www.justice.gov/usao-dc/media/1395096/dl?inline (last visited Aug. 18, 2025) [https://perma.cc/9ANC-2R87].

[2] "Complex federal litigation" is generally understood to encompass a broad range of matters tried in federal court. *See* Fitzpatrick Matrix 3, https://www.justice.gov/usao-dc/media/1395096/dl?inline [https://perma.cc/9ANC-2R87] (citing *Reed v. District of Columbia*, 843 F.3d 517, 527–29 (D.C. Cir. 2016) (Tatel, J., concurring)). This Court sees no reason to conclude that this case is not complex federal litigation, especially since the Defendant has not bothered to appear to challenge that classification. *See Inova Health Care Servs. v. Omni Shoreham Corp.*, No. 20-cv-784, 2025 WL 1684132, at *5 n.6 (D.D.C. June 15, 2025) (applying Fitzpatrick Matrix in case involving a "contract dispute" where the defendants did not challenge the Plaintiffs' classification of the matter as "complex federal litigation").

**B.     Costs**

Prevailing claimants are also entitled to recover other "reasonable fees and costs" under the DCCPPA. *Beck*, 73 F. Supp. 3d at 15–16; *see also In re InPhonic, Inc.*, 674 F. Supp. 2d 273, 279 (D.D.C. 2009) ("To the extent that [the DCCPPA's] reference to 'fees' does not include an attorney's 'costs,' the Court concludes that an award covering such expenses would be permitted as 'other relief which the court deems proper' under § 28–3905(k)(1)(F)."). Here, the Plaintiffs request $610.62 in costs, including the filing fee, photocopying, postage, and online legal research fees. Suppl. Mot. Ex. A at 5–6. The Court finds these costs, too, are reasonable.

## CONCLUSION

For all the above reasons, the Court grants the Plaintiffs' request for attorney fees and costs, ECF No. 9, and awards $82,290.00 in attorney fees and $610.62 in costs.

A separate order will issue.

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:   August 29, 2025